# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LEROY WICKHAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-449-JED-FHM |
| JUDGE CARL GIBSON, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the defendants' dismissal motions (Doc. 4, 7) and plaintiff's responses (Doc. 5, 8). The plaintiff, Paul Leroy Wickham, initiated this action by filing his "Petition, Complaint and Claim in the Nature of a Complaint for Libel, Slander and Defamation Resulting in Deprivation of the Right to Work, Loss of Affection, Emotional Anguish and False Imprisonment." (Doc. 1 at 1). He alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides federal courts with original jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See id.*). Plaintiff has sued 14 defendants: The State of Oklahoma; Nowata County; Nowata County Judge Carl Gibson; Deputy Anthony Towers; Deputy R. Popp; Terry Dean Wickham; Kenny Freeman; Beverly Ellen Johnson; Terry Allan Wickham; Thad Austin Wickham; Curtis Barnes; Bud Frost; Doug Sonnenberg; and Linda Wickham.

Plaintiff is proceeding pro se. While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro

se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Although the plaintiff asserts diversity jurisdiction as a basis for the Court's exercise of subject matter jurisdiction, and he references what appear to be in the nature of state law claims of fraud or extortion, libel, slander, defamation, loss of affection, and emotional anguish, he has not identified the citizenship of the individual defendants or otherwise provided a single fact to support the existence of complete diversity. Defendants Terry Dean Wickham, Terry Allan Wickham, Thad Austin Wickham, Linda Wickham, and Beverly Ellen Johnson (the Wickham Defendants) have moved to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. With respect to the absence of diversity jurisdiction, the Wickham Defendants note that they and the plaintiff are all citizens of Oklahoma. (Doc. 4 at 3). The plaintiff responded to the dismissal motion (Doc. 5) but did not dispute the Wickham Defendants' assertion that diversity of citizenship is absent.

In response to the Wickham Defendants' motion to dismiss for failure to state a claim, the plaintiff states that the Wickham Defendants and Judge Gibson "will be charged with parricide for trying to dispose of Leslie Dean Wickham by overmedication by using a protective order to succeed in doing so" and "[t]his is a case of crimes to collect money under false pretenses by creating death." (Doc. 5 at 2). Construing the plaintiff's pleading liberally in light of plaintiff's pro se status, the pleading does not include any factual allegations that support the existence of

diversity of citizenship, although plaintiff has cited the diversity statute as the basis for jurisdiction, and it does not state any plausible claim against those defendants.

The plaintiff has also not identified any basis for the Court to exercise federal question jurisdiction. The plaintiff's pleading refers to statutes, including 28 U.S.C. § 1983, 18 U.S.C. § 1964(a). (Doc. 1 at 12). The Wickham Defendants are not alleged to be state actors and would not be subject to claims under § 1983, and the plaintiff's unsupported references to RICO do not state any colorable claim.

The plaintiff's pleading also does not contain any factual allegations that support any claims against *any of the defendants*. It is unclear how any of the defendants allegedly violated plaintiff's constitutional rights as a predicate for a claim under § 1983, and plaintiff has not identified any particular constitutional right that he claims to have been violated. His allegations likewise do not state any plausible claim under § 1964(a). Plaintiff also requests that Judge Carl Gibson be "revoked and evaluated, assumed as a substance abuse" [sic] under 28 U.S.C. § 753. That statute governs court reporters in the federal courts and has no relevance to plaintiff's request for revocation or evaluation of a state court judge. *See* 28 U.S.C. § 753. Moreover, judges have absolute immunity from civil liability for judicial acts, "unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted). The plaintiff's allegations against Judge Gibson do not identify any "clear absence of all jurisdiction." (*See* Doc. 1).

Plaintiff also names the State of Oklahoma as a defendant to this action. There are no factual allegations or claims asserted against the State other than its inclusion as a defendant in the style of the plaintiff's pleading. In any event, absent a specific waiver of immunity, the Eleventh Amendment bars suits in federal court against a state and its agencies. U.S. Const. amend. XI; *see*

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Reames v. Oklahoma ex rel. Okla. Health Care Authority*, 411 F.3d 1164, 1167-68 (10th Cir. 2005); *Jones v. Courtney*, 466 Fed. Appx. 696, 698 (10th Cir. 2012) (unpublished).

Although plaintiff has named Curtis Barnes, Bud Frost, and Doug Sonnenberg as defendants in the style of his pleading, he has not asserted a single factual allegation or made any other mention of those defendants in his pleading. As to defendants R. Popp and Anthony Towers, who are alleged to be deputies, the plaintiff's allegations are devoid of any facts that support any plausible claim for a violation of federal civil rights law. As noted, plaintiff has not identified any constitutional right that was violated, and he has not asserted facts plausibly indicating that any defendant violated his rights. The plaintiff's allegations do not state any plausible claim under § 1983, RICO, or any other federal law. The Court notes that District Judge Claire V. Eagan similarly dismissed a prior action by the plaintiff against the same defendants. *See* No. 18-CV-435-CVE-JFJ, 2018 WL 4088778 (N.D. Okla. Aug. 27, 2018). Although the plaintiff in that case identified his initial filing as a notice of removal from Nowata County District Court, his allegations were very similar to those in his pleading in this case.

The Court does not have diversity jurisdiction, the plaintiff has not stated any plausible claim arising under federal law, and there is no basis for the exercise of supplemental jurisdiction. Accordingly, the pending dismissal motions (Doc. 4, 7) are **granted**, and plaintiff's pleading (Doc. 1) is **dismissed without prejudice**. A separate judgment of dismissal will be entered.

SO ORDERED this 15th day of October, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4